Law Offices Of

# MOSCONE, EMBLIDGE & QUADRA, LLP

180 Montgomery Street, Suite 1240
San Francisco, California 94104-4230
Tel: (415) 362-3599
Fax: (415) 362-7332

January 12, 2005

**By Facsimile**

Daniel Purcell
Keker & Van Nest
710 Sansome Street
San Francisco, California 94111

      RE:    *Tennison/Goff v. City and County of San Francisco, et al.*
               Case No. 04-0574 CW (consolidated)

Dear Dan:

      Sanders' first request for production to Tennison sought copies of copies of Tennison's records of incarceration that your office subpoenaed from Mule Creek State Prison, the California Department of Corrections, and the Board of Prison Terms. We still have not received copies of those documents, even though we agreed on the language and terms of the stipulated protective order in early December 2004. The stipulated protective order will be filed today, with a letter asking Judge Chen to grant the order.

      Please produce copies of Tennison's records of incarceration at your earliest convenience. We would like to receive the documents by the end of this week. Please call Jim or me if you have questions. Thank you.

Very truly yours,

MOSCONE, EMBLIDGE & QUADRA, LLP

Lisa-Anne Wong

cc:     Evan Ackiron
          Charles Bonner
          Randy Daar
          John Scott
          Scott Wiener

**EXHIBIT R**

```
HP LaserJet 3100
Printer/Fax/Copier/Scanner                                AUTO ACTIVITY REPORT for
                                                          Moscone, Emblidge & Quadra, LLP
                                                          415 984 0414
                                                          Jan-12-05    4:41PM
```

| Job | Start Time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|---|---|---|---|---|---|---|---|
| 15  | 2/14 12:58PM |       | 16194419406         | Send    | 30    | EC 96  | In Progress |
| 622 | 1/13  5:13PM |       | 4530441             | Send    | 38    | EC 96  | In Progress |
| 740 | 1/11  9:33AM | 1'36" | 831 753 0293        | Send    | 1/ 1  | EC120  | Completed |
| 741 | 1/11  9:34AM | 1'14" | 831 753 0293        | Send    | 3/ 3  | EC144  | Completed |
| 742 | 1/11  9:36AM | 0'40" | 831 753 0293        | Send    | 2/ 2  | EC144  | Completed |
| 743 | 1/11 10:50AM | 8'26" |                     | Receive | 25    | EC144  | Completed |
| 744 | 1/11  1:30PM |       | Ad Hoc Broadcast    | Send    |       |        | Completed |
| 744 | 1/11  1:31PM | 2'12" | 415 551 5721        | Send    | 2/ 2  | EC120  | Completed |
| 744 | 1/11  1:34PM | 0'38" | 17145469035         | Send    | 2/ 2  | EC144  | Completed |
| 744 | 1/11  1:35PM | 0'32" | 415 403 0202        | Send    | 2/ 2  | EC144  | Completed |
| 745 | 1/11  2:44PM |       | Ad Hoc Broadcast    | Send    |       |        | Completed |
| 745 | 1/11  2:45PM | 1'38" | Keker & Van Nest LLP| Send    | 4/ 4  | EC144  | Completed |
| 745 | 1/11  2:47PM | 1'39" | 415 421 1331        | Send    | 4/ 4  | EC144  | Completed |
| 745 | 1/11  2:49PM | 1'25" | 4154425108          | Send    | 4/ 4  | EC144  | Completed |
| 745 | 1/11  2:51PM | 2'28" | 5543837             | Send    | 4/ 4  | EC144  | Completed |
| 746 | 1/11  3:02PM | 3'23" | 8662056321          | Send    | 10/10 | EC144  | Completed |
| 747 | 1/11  3:09PM | 2'44" | 4152889755          | Send    | 10/10 | EC144  | Completed |
| 748 | 1/11  3:19PM | 0'22" | 415 837 1404        | Send    | 1/ 1  | EC144  | Completed |
| 749 | 1/11  4:11PM | 0'00" | 16714758890         | Send    | 0     |        | Canceled by Operator 943 |
| 750 | 1/11  4:12PM | 0'00" | 0116714758890       | Send    | 0/ 2  |        | Canceled by Operator 943 |
| 751 | 1/11  4:13PM | 5'00" | 6714728890          | Send    | 12/12 | EC144  | Completed |
| 752 | 1/12 11:27AM | 0'34" | Travel Center       | Receive | 1     | EC144  | Completed |
| 753 | 1/12 12:13PM | 2'33" | 415 551 5701        | Send    | 4/ 5  | EC 96  | Communication Error 1042 |
| 753 | 1/12 12:17PM | 0'54" | 415 551 5701        | Send    | 2/ 5  | EC 96  | Completed |
| 754 | 1/12 12:20PM | 1'40" | 415 551 5701        | Send    | 2/ 5  | EC 96  | Communication Error 1042 |
| 754 | 1/12 12:23PM | 1'51" | 415 551 5701        | Send    | 4/ 5  | EC 96  | Completed |
| 755 | 1/12 12:47PM | 2'06" | 8662112745          | Send    | 6/ 6  | EC144  | Completed |
| 756 | 1/12  1:06PM | 0'36" | 1-888-336-7147 Fax I| Receive | 1     | EC144  | Completed |
| 757 | 1/12  2:37PM | 1'58" | 5543837             | Send    | 4/ 4  | EC120  | Completed |
| 758 | 1/12  2:40PM | 0'51" | 415 905 0202        | Send    | 3/ 3  | EC144  | Completed |
| 759 | 1/12  3:38PM | 0'39" |                     | Receive | 0     |        | No Fax Detected 1181 |
| 760 | 1/12  4:32PM |       | Ad Hoc Broadcast    | Broadcast | 2   |        | Pending |
| 760 | 1/12  4:41PM |       | 3312738             | Send    |       |        | Pending |
| 760 | 1/12  4:33PM | 0'40" | Keker & Van Nest LLP| Send    | 2/ 2  | EC144  | Completed |
| 760 | 1/12  4:34PM | 0'35" | 4154425108          | Send    | 2/ 2  | EC144  | Completed |
| 760 | 1/12  4:35PM | 0'00" | 3312738             | Send    | 0/ 2  |        | Remote Fax was Busy 961 |
| 760 | 1/12  4:35PM | 0'38" | 415 421 1331        | Send    | 2/ 2  | EC144  | Completed |
| 760 | 1/12  4:36PM | 1'05" | 5543837             | Send    | 2/ 2  | EC120  | Completed |
| 761 | 1/12  4:37PM |       | Ad Hoc Broadcast    | Send    |       |        | Pending |
| 761 | 1/12  4:41PM |       | 3312738             | Broadcast | 3   |        | Pending |
| 761 | 1/12  4:41PM |       | 5543837             | Broadcast | 3   |        | Pending |
| 761 | 1/12  4:38PM | 0'46" | Keker & Van Nest LLP| Send    | 3/ 3  | EC144  | Completed |
| 761 | 1/12  4:39PM | 0'46" | 415 421 1331        | Send    | 3/ 3  | EC144  | Completed |
| 761 | 1/12  4:40PM | 0'44" | 4154425108          | Send    | 3/ 3  | EC144  | Completed |
| 761 | 1/12  4:41PM | 0'00" | 3312738             | Send    | 0/ 3  |        | Remote Fax was Busy 961 |
| 761 | 1/12  4:41PM | 0'00" | 5543837             | Send    | 0/ 3  |        | Remote Fax was Busy 961 |
| 760 | 1/12  4:41PM |       | 3312738             | Send    | 0     |        | In Progress |

Total    52'53"    Pages Sent: 103    Pages Printed: 28

```
HP LaserJet 3100
Printer/Fax/Copier/Scanner                                      SEND CONFIRMATION REPORT for
                                                                Moscone, Emblidge & Quadra, LLP
                                                                415 984 0414
                                                                Jan-12-05   4:47PM
```

| Job | Start Time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|---|---|---|---|---|---|---|---|
| 762 | 1/12  4:47PM | 0'39" | 415 331 2738 | Send | 2/ 2 | EC144 | Completed |
| | Total | 0'39" | Pages Sent: 2 | Pages Printed: 0 | | | |

Law Offices Of
MOSCONE, EMBLIDGE & QUADRA, LLP
180 Montgomery Street, Suite 1240
San Francisco, California 94104-4230
Tel: (415) 362-3599
Fax: (415) 362-7332

## FACSIMILE COVER SHEET

### Wednesday, January 12, 2005

**TO:** Daniel Purcell
FAX: (415) 397-7188

**CC:** John Houston Scott
The John Houston Scott Law Firm
FAX: (415) 442-5108

**CC:** Charles Bonner, Esq.
FAX: (415) 331-2738

**CC:** Randolph Daar
FAX: (415) 421-1331

**CC:** Evan Ackiron
Scott Wiener
Deputy City Attorney
FAX: (415) 554-3837

**FROM:** Lisa-Anne M. Wong        NO. OF PAGES INCLUDING COVER: 2

**RE:** Tennison/Goff v. City and County of San Francisco

**MESSAGE:** Please see attached correspondence.

If you did not receive all of the pages or there is another problem, please call Laura Helland at (415) 362-3599, ext. 44.

**CONFIDENTIALITY NOTE**

THIS AND ANY ACCOMPANYING PAGES CONTAIN INFORMATION FROM THE Law Offices of Moscone, Emblidge & Quadra, LLP which is confidential and privileged. The information is intended for the use of the individual or entity named above. If you are not the intended recipient, then be aware that any disclosure, copying, distribution or use of the accompanying document (or the information contained in it) is prohibited. If you have received this facsimile transmission in error, please notify our offices immediately so that we can arrange for retrieval at no cost to you.

1  JAMES A. QUADRA, State Bar # 131084
   LISA-ANNE M. WONG, State Bar # 163729
2  MOSCONE, EMBLIDGE & QUADRA, LLP
   180 Montgomery Street, Suite 1240
3  San Francisco, California 94104
   Telephone:    (415) 362-3599
4  Facsimile:    (415) 362-7332

5  Attorneys for Defendants PRENTICE EARL
   SANDERS and NAPOLEON HENDRIX
6
   CHARLES A. BONNER, State Bar # 85413
7  LAW OFFICE OF CHARLES A. BONNER
   180 Harbor Drive, No. 227
8  Sausalito, California 94965
   Telephone:    (415) 331-3070
9  Facsimile:    (415) 331-2738

10 Attorney for Defendant
   PRENTICE EARL SANDERS

11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| JOHN TENNISON,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; et al.,<br><br>    Defendants. | Case No. C04-0574 CW<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| ANTOINE GOFF,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; et al.<br>    Defendants. | |

**EXHIBIT S**

STIPULATED PROTECTIVE ORDER        1        C:\Documents and Settings\lwong\Local Settings\Temporary Internet Files\OLK9B3\FINAL protective order.doc

1.  On or about October 7, 2004, counsel to the parties in these consolidated action met and conferred regarding certain outstanding discovery matters, including but not limited to Plaintiff Tennison's request for production of the San Francisco Police Department's personnel files, disciplinary files, training and supervision records and the San Francisco Office of Citizen's Complaints records concerning defendants Chief Prentice Earl Sanders and Inspector Napoleon Hendrix.

2.  Defendants agreed to produce, subject to a stipulated protective order, records of the San Francisco Police Department and Office of Citizen Complaint (a) concerning Sanders and Hendrix; and (b) relating to any acts of evidence suppression or fabrication and/or witness tampering taking place within the time frame set by Magistrate Judge Chen in this action of five years prior to the commencement of the Shannon murder investigation to five years after the close of the prosecution, or 1984 through 1996. Further, Defendants have requested that Plaintiffs produce confidential records of the State of California and various of its agencies that relate to Plaintiffs' imprisonment. The records described in this paragraph are hereinafter referred to as "CONFIDENTIAL INFORMATION."

3.  In addition to the CONFIDENTIAL INFORMATION described above that will be produced pursuant to this Order, Plaintiffs have requested additional personnel information from Defendants, which information Defendants have refused to produce. Nothing in this order shall prevent Plaintiffs from seeking an order of the Court compelling Defendants to produce that additional personnel information already requested, or from seeking any additional discovery from Defendants in this litigation, including discovery of additional confidential material.

4.  Defendants shall produce CONFIDENTIAL INFORMATION to counsel for Plaintiffs, and Plaintiffs shall produce CONFIDENTIAL INFORMATION to counsel for Defendants, subject to the terms of this Protective Order. The party designating any CONFIDENTIAL INFORMATION, and producing that CONFIDENTIAL INFORMATION, subject to the terms of this Protective Order shall confirm the status of that material under this Protective Order by affixing the legend "CONFIDENTIAL INFORMATION" on all copies of that material produced in this litigation.

1  5. The CONFIDENTIAL INFORMATION shall not be provided, displayed, exhibited, played, or otherwise disclosed, by Counsel to other persons except as specifically provided herein.

6. Counsel for Plaintiffs and counsel for Defendants (referred to hereinafter collectively as "Counsel") may exhibit and/or disclose CONFIDENTIAL INFORMATION only to the following categories of persons and no other unless authorized by order of the Court:

    a. Counsel for any party and their staff;

    b. Experts, investigators, or consultants retained by Counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this Protective Order by executing the document attached as *Exhibit A*. Counsel shall file and serve any Agreement to Comply with the terms of the Order upon its execution; however, Counsel shall not be required to file any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

7. Plaintiffs' counsel may **not** provide originals or copies of any CONFIDENTIAL INFORMATION to Plaintiffs JOHN TENNISON or ANTOINE GOFF absent the written agreement of counsel for the City and County of San Francisco and counsel for Hendrix and Sanders, or a Court order. Defendants' counsel may **not** provide originals or copies of any CONFIDENTIAL INFORMATION to Defendants CITY AND COUNTY OF SAN FRANCISCO, GEORGE BUTTERWORTH, NAPOLEON HENDRIX, or PRENTICE EARL SANDERS absent the written agreement of counsel for Tennison and Goff, or a Court order. For purposes of evaluating the case's settlement value or a potential jury verdict, Counsel may discuss the general nature of the CONFIDENTIAL INFORMATION with his or her clients without disclosing any identifying details about a specific incident or any documents.

8. Nothing contained in this order shall prohibit any person, including any persons described in 6(a-b) above, from using or referring to CONFIDENTIAL INFORMATION

covered by this Protective Order in motion papers or pleadings filed with the Court, provided that adequate provision is made to protect the confidentiality of the CONFIDENTIAL INFORMATION and provided that any portion of such motion papers or legal pleadings that reference said CONFIDENTIAL INFORMATION, if filed, are requested to be filed under seal pursuant to the Court's rules and procedures (see Civil Local Rule 79-5).

9. In the event any person described in 6(a-b) above, desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation to witnesses during trial or pretrial proceedings, such person shall meet and confer with counsel for the opposing parties to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure. Unless otherwise agreed, transcripts and exhibits that incorporate documents and CONFIDENTIAL INFORMATION covered under this stipulation shall be sealed in accordance with the Court's rules and procedures, and shall be subject to the provisions of this Protective Order.

10. At the conclusion of this litigation, either by final judgment or settlement, Counsel for Plaintiffs shall return all copies of the CONFIDENTIAL INFORMATION covered by this Stipulation and Order, including all copies provided to any persons described in 6(a-b) above, to counsel for the City, and Counsel for Defendants shall return all copies of the CONFIDENTIAL INFORMATION covered by this Stipulation and Order, including all copies provided to any persons described in 6(a-b) above, to counsel for Tennison and Goff, within 30 days of the date of final judgment or settlement. Notwithstanding the foregoing provisions of this paragraph, any Counsel in this case shall be permitted to retain for his or her files one copy set of all pleadings filed with the Court, by any and all parties, in this case.

11. If the Court finds that any person, including any person described in 6(a-b) above, is responsible for the unauthorized disclosure of any documents, records or Confidential Personnel Information disclosed pursuant to this Protective Order, Counsel, or any person disclosing such documents, including any persons described in 6(a-b) above, or any of them, may be subject to sanctions, including possible sanctions for contempt of court.

12. This Stipulation and Order shall be in effect upon execution by all counsel to these consolidated actions.

SO AGREED AND STIPULATED:

DATED: 1-6-05

KEKER & VAN NEST, LLP

By: /s/ Daniel Purcell
DANIEL PURCELL

Attorneys for Plaintiff John Tennison

STIPULATED PROTECTIVE ORDER      5      C:\Documents and Settings\dcp\Local Settings\Temporary Internet Files\OLK4\FINAL protective order.doc

DATED: _____

           THE SCOTT LAW FIRM

           By: _____
               JOHN HOUSTON SCOTT

           Attorneys for Plaintiff Antoine Goff

DATED: _____

      THE SCOTT LAW FIRM

      By: _____
         JOHN HOUSTON SCOTT

      Attorneys for Plaintiff Antoine Goff

1  DATED: 12/8/04

RANDOLPH DAAR

By: /s/ Randolph Daar
RANDOLPH DAAR
Attorneys for Plaintiff Antoine Goff

STIPULATED PROTECTIVE ORDER            7            C:\WINDOWS\TEMP\FINAL protective order.doc

1  DATED: 12/10/04

DENNIS J. HERRERA, CITY ATTORNEY
EVAN A. ACKIRON, DEPUTY CITY ATTY
SCOTT D. WIENER, DEPUTY CITY ATTY

By: _____
SCOTT D. WIENER

Attorneys for Defendants City and County of San Francisco and George Butterworth

DATED: 12/9/04

MOSCONE, EMBLIDGE & QUADRA, LLP

By: _____ (for)
JAMES A. QUADRA

Attorneys for Defendants Sanders and Hendrix

**ORDER**

IT IS SO ORDERED.

DATED: _____

By:
HON. EDWARD M. CHEN
United States Magistrate Judge

# EXHIBIT A

<u>John Tennison v. City and County of San Francisco, et al.;Antoine Goff v. City and County of San Francisco, et al.</u>

<u>Case No. C04-00574 CW, U.S.D.C., Northern District of California</u>

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL PERSONNEL INFORMATION**

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION. I agree to abide by all terms of the Order. In addition, I specifically understand and agree to the following:

1. I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

3. I agree not to make copies of the CONFIDENTIAL INFORMATION.

4. I agree to return the CONFIDENTIAL INFORMATION to the Counsel who provided that information to me, or Counsel for the party that produced it, at or before the conclusion of this litigation.

5. I understand that if I violate any of the terms of the Protective Order, then the Court may impose sanctions on me, the party to this case on whose behalf I have been retained to act, or that party's counsel.

SO AGREED:

_____    _____
DATE                          SIGNATURE

                              _____
                              PRINT NAME

**PROOF OF SERVICE**
*Case No. C04-0574 CW*

I, Laura Helland, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action.

On January 12, 2005, I served the attached:

- **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

on the interested party(ies) named below:

| | |
|---|---|
| Ethan A. Balogh<br>Daniel Purcell<br>Keker & Van Nest, LLP<br>710 Sansome Street<br>San Francisco, California 94111-1704 | Evan Ackiron<br>Scott Wiener<br>City Attorney<br>Office of the City Attorney<br>1390 Market Street, 6th Floor<br>San Francisco, California 94102-5408 |
| Charles A. Bonner<br>Law Office of Charles A. Bonner<br>180 Harbor Drive, No. 227<br>Sausalito, California 94965 | Randolph Daar, Esq.<br>506 Broadway Street<br>San Francisco, CA 94133 |
| John Houston Scott<br>The Scott Law Firm<br>153 Townsend Street, Suite 950<br>San Francisco, CA 94107 | |

I served the attached document(s) in the manner indicated below:

☒ **BY MAIL:** I caused true and correct copy(ies) of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) named above and, following ordinary business practices, placed said envelope(s) at the Law Offices of Moscone, Emblidge & Quadra, LLP, 180 Montgomery, Ste. 1240, San Francisco, California, 94104, for collection and mailing with the United States Postal Service and there is delivery by the United States Post Office at said address(es). In the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed January 12, 2005, at San Francisco, California.

*/s/ Laura Helland*
Laura Helland

1

John Tennison/Goff v. CCSF, et al.
Case No. C04-0574 CW

PROOF OF SERVICE

LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

January 13, 2005

| To | Telephone | Facsimile |
|---|---|---|
| Lisa-Anne Wong, Esq.<br>Moscone, Emblidge & Quadra, LLP | (415) 362-3599 | (415) 362-7332 |

**cc:**

| | | |
|---|---|---|
| John Houston Scott<br>The Scott Law Firm | (415) 442-5100 | (415) 442-5108 |
| Evan H. Ackiron, Deputy City Attorney | (415) 554-3856 | (415) 554-3837 |

| From | Telephone | Code |
|---|---|---|
| Daniel Purcell, Esq. | (415) 391-5400 | 5972/jlw |

Re: *Tennison v. City of San Francisco, et al.*
    Case No. C 04-00574 CW

**Number of Pages (Including Cover): 5**

## COMMENTS

*Please see attached.*

Operator _____                            Time Sent _____

### IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

332651.01

**EXHIBIT T**

Case 4:04-cv-00574-CW   Document 81-4   Filed 01/26/05   Page 15 of 18
01/13/2005 08:53 FAX                KEKER & VAN NEST LLP                    ☒002/005

LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

DANIEL PURCELL
DEP@KVN.COM

January 13, 2005

VIA FACSIMILE

Lisa-Anne M. Wong, Esq.
Moscone, Emblidge & Quadra, LLP
180 Montgomery Street, Suite 1240
San Francisco, CA 94104

Re: *John Tennison v. City and County of San Francisco*

Dear Lisa-Anne:

This responds to your letter of yesterday regarding Mr. Tennison's records of incarceration. We previously discussed this issue in an e-mail exchange in early December 2004, and I informed you of our position at that time. Our position has not changed. We think your request for these records is overbroad. We invite you to narrow your request and explain which specific records you want to see and why they are relevant. We will consider any narrowed request.

For your reference, I am enclosing a printout of the December 2004 e-mails, so you can see what I previously said on this subject. You should feel free to follow up with me or Steven Ragland if you feel it is appropriate.

Sincerely,

Daniel Purcell

DEP/jlw
Enclosure

cc: John H. Scott, Esq.
    Evan H. Ackiron, Esq.

345579.01

### Daniel Purcell

**From:** Daniel Purcell
**Sent:** Thursday, December 02, 2004 11:50 AM
**To:** James Quadra; Lisa Anne Wong
**Cc:** 'Scott Wiener'; 'Evan.ackiron@sfgov.org'; 'John Scott'; 'Randy Daar'; Elliot Peters; Ethan Balogh; Steven Ragland
**Subject:** RE: Tennison

Jim and Lisa-Anne,

We need to get this issue resolved. We first requested the personnel-file information on June 30, 2004 -- more than five months ago. You have known at least since the October 7, 2004 meet-and-confer session that we intended to seek production of a broader range of personnel-file than you are willing to provide. At that same session, Jim -- not plaintiffs' counsel -- voluntarily offered to submit the entire personnel files to Judge Chen so the Court could resolve the dispute.

Given that, it's disheartening to hear that "a complete set of the files is not yet available to submit to the court." Frankly, I'm at a loss to understand how that could possibly be so. You have had plenty of time to obtain the complete file. (How could you have culled the personnel material you are currently willing to produce in good faith without having the complete file?) You have known for nearly two months (at least) that we are at an impasse regarding the scope of production. You suggested submitting the entire file to the Court, not us. How is it possible that, after all this time, you are still not in position to give the Court the information it needs to resolve this issue? You have objected strenuously when we have accused your office of obstructing discovery in this case, but there really is no other way to describe this sort of conduct.

I also fail to see what difference it could make that OCC hasn't yet provided a complete set of the files to the City Attorney. If you had the files, you could provide them to the City Attorney yourself. In any event, this is your discovery, not the City's, and the fact that the City isn't in possession of the documents is no reason to delay putting the issue before the Court.

Given your e-mail below, I assume we are now in full agreement on the terms of the protective order respecting production of defenadnts' personnel-file information. We agree to be bound by the terms of the order respecting the personnel material. You have agreed to produce the personnel material described in paragraph 2 of the order. There is nothing for Judge Chen to resolve regarding these documents, so there is no reason for you to delay producing them. Please do so immediately.

With respect to the remainder of the personnel files, please confirm that you do not possess the complete file and the problem is not that the OCC hasn't yet furnished a copy of the file to the City Attorney. If you do not have the complete file, please also let us know when you will have it and confirm you are doing everything in your power to obtain it as quickly as possible. We do not want to bombard Judge Chen with piecemeal requests to resolve this dispute. It would be best for all parties to put the entire file before him at one time. Obviously, our decision as to whether to submit part of the file to him now or submit the entire file to him later will depend on how long it will take you to obtain the remainder of the file.

Finally, with respect to Mr. Tennison's medical and psychiatric records, defendants are not necessarily entitled to those records in this case. We do not see how it could be relevant to this case if Mr. Tennison, for example, sprained his ankle playing basketball while in prison and received treatment of that injury. If defendants are willing to narrow their request, please let Steven Ragland know. We will consider any narrowed request. As you correctly assumed, we will insist that any of Mr. Tennison's medical information that is produced in this case be subject to the protective order. In any event, the question of production of this information is unrelated to production of the personnel-file information, and is no basis to further delay producing the personnel files.

In short, we are asking you to 1) immediately produce the personnel material you have agreed to produce, under the protective order we have negotiated and agreed binds us in this case; 2) obtain the remainder of the personnel file as soon as possible; and 3) give us a timetable for getting that entire file to Judge Chen. We want

1/12/2005

to get the file to Judge Chen by next week. This really has gone on long enough.

-----Original Message-----
**From:** James Quadra
**Sent:** Wednesday, December 01, 2004 5:36 PM
**To:** Daniel Purcell
**Cc:** Lisa Anne Wong
**Subject:** Tennison

Dan:

Below is a message from Lisa Anne. Her email crashed today and she asked me to forward it to you.

Dan,

We have reviewed the proposed stipulated protective order. We have no objection to expansion of the order to include certain of plaintiff's records. However, I understood that the protective order would also embrace plaintiff's medical and psychological records, if any, which are responsive to some of the document demands abut which Steven Ragland and I have been conferring, and should be produced. Please clarify whether you intend to produce those records at the time you produce the incarceration records, and whether you want the medical/psych records to be produced subject to the protective order. We, of course, would not insist on their production subject to the order.

As far as what we agreed to provide in the way of personnel information, we did not agree to advise you of "responsive information" as you have defined the term in your 11/30 email. We have always believed that you are entitled to personnel records containing allegations or information similar to the allegations in the complaint, i.e., witness tampering, evidence suppression and fabrication, within the time frame set by Judge Chen. We have never embraced your more expansive definition of "responsive information." As far as information outside of the time frame, as a courtesy, we agreed during the 10/7 meeting to review records created shortly before and after the time frame, and let you know if there was anything similar to the allegations here. We have done that courtesy review, and looked at records as far as 3 years before and after the time frame, and the answer is no.

We understand you believe that you are entitled to more information regarding our clients. We suggest not only a joint letter to Chen stating our positions, but that we submit the files to him for an in camera review along with the letter.

Submitting the joint letter this week is probably not feasible for us. Defendants did not know until yesterday that you would be insisting on an in camera review of the entire files until yesterday; a complete set of the files is not yet available to submit to the court. We are waiting for OCC to provide a full set of files to the City Attorney's office. Another option would be to file the joint letter with the personnel files that are currently available. We would be prepared to do the latter early next week.

Please let me or Jim know how you'd like to proceed on these issues. Thanks.

Lisa-Anne M. Wong
Moscone, Emblidge & Quadra, LLP

1/12/2005

180 Montgomery Street, Suite 1240
San Francisco, California 94104
telephone 415.362.3599 x45
fax 415.362.7332

1/12/2005