1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708
2  ETHAN A. BALOGH - #172224
   DANIEL PURCELL - #191424
3  STEVEN P. RAGLAND - #221076
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Plaintiff
   JOHN TENNISON
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN TENNISON,                              Case No. C 04-00574 CW

12                          Plaintiff,
                                                **DECLARATION OF ETHAN A. BALOGH
13          v.                                  IN SUPPORT OF MOTION TO COMPEL
                                                THE CITY TO PRODUCE AUDIOTAPES
14  CITY AND COUNTY OF                          FOR NON-DESTRUCTIVE FORENSIC
    SAN FRANCISCO; SAN FRANCISCO                TESTING, AND MOTION TO COMPEL
15  POLICE DEPARTMENT; PRENTICE EARL            CITY TO PRODUCE DOCUMENTS AND
    SANDERS; NAPOLEON HENDRIX; and              PROFFER WITNESS(ES) FOR
16  GEORGE BUTTERWORTH,                         DEPOSITION**

17                          Defendants.         Date:      May 18, 2005
                                                Time:      9:30 a.m.
18                                              Judge:     Hon. Edward M. Chen
                                                Courtroom C, 15th Floor
19

20

21

22

23

24

25

26

27

28

350581.02

I, Ethan A. Balogh, declare as follows:

1.     I am a partner in the law firm of Keker & Van Nest, LLP, counsel to plaintiff John J. Tennison in this matter.  I make this declaration on my own personal knowledge and could competently testify thereto if called as a witness.

2.     Attached hereto as Exhibit 1 is a true and correct copy of excerpts of Judge Claudia Wilken's Order Granting Amended Petition for Writ of Habeas Corpus, filed on August 26, 2003 in *Tennison v. Henry*, USDC, N.D.C.A., Case No. 98-3842.

3.     Attached hereto as Exhibit 2 is a true and correct copy of Judge Joseph C. Spero's Order Granting in Part and Denying in Part Petitioner's Motion for Discovery, filed on September 21, 2001 in *Tennison v. Henry*, USDC, N.D.C.A., Case No. 98-3842.

4.     Attached hereto as Exhibit 3 is a true and correct copy the subpoenas served on the San Francisco Police Department and the San Francisco District Attorney's Office on October 3, 2001 in *Tennison v. Henry*, USDC, N.D.C.A., Case No. 98-3842.

5.     In response to a subpoena served on the District Attorney's office, on October 3, 2001, the District Attorney's office produced approximately 1,300 pages of documents, 26 audiotapes, 4 videotapes and approximately 130 photographs in November 2001.  In January 2002, the District Attorney's Office supplemented its production with another 600 pages of documents and 1 audiotape.  George Butterworth handled the production for the San Francisco District Attorney's Office.  In November 2001, in response to a subpoena served on the San Francisco Police Department, on October 3, 2001, the San Francisco Police Department produced approximately 250 pages of documents and 14 audiotapes.  In January 2002, the Police Department supplemented its production with another 125 pages of documents and 188 photographs.  Counsel for the San Francisco Police Department handled that production.

6.     Attached hereto as Exhibit 4 is a true and correct photocopy of the audiotape labeled "Masina Fauolo 4/23/90", bearing the Bates production number DA00831 and a true and correct copy photocopy of the audiotape labeled "M. Fauolo 4/23/90, 891 092 371", bearing the Bates production number DA00838.  These audiotapes were never produced in response to the

DECLARATION OF ETHAN A. BALOGH IN SUPPORT OF MOTION TO COMPEL THE CITY TO PRODUCE AUDIOTAPES FOR NON-DESTRUCTIVE FORENSIC TESTING, AND MOTION TO COMPEL CITY TO PRODUCE DOCUMENTS AND PROFFER WITNESS(ES) FOR DEPOSITION
CASE NO. C 04-00574 CW

1   subpoenas served on the San Francisco Police Department or District Attorney's Office in

2   *Tennison v. Henry*.  They were produced by the City on behalf of the District Attorney's office

3   for the first time in December 2004 in response to Tennison's request for production of

4   documents and things.

5           7.      Attached hereto as Exhibit 5 is a true and correct copy of a document titled "List

6   of Tapes—People v. Tennison and Goff.  This document was never produced in response to the

7   subpoenas served on the San Francisco Police Department or District Attorney's Office in

8   *Tennison v. Henry*, it was produced for the first time by the City on behalf of the District

9   Attorney's office on December 16, 2004.

10          8.      Attached hereto as Exhibit 6 is a true and correct copy a letter from Steven P.

11  Ragland to Evan H. Ackiron, dated December 17, 2004.

12          9.      Attached hereto as Exhibit 7 are a true and correct copies of a letter from Steven

13  P. Ragland to Scott D. Wiener, dated January 10, 2005 and a letter from Steven P. Ragland to

14  Scott D. Wiener, dated January 24, 2005.

15          10.     Attached hereto as Exhibit 8 is a true and correct copy a letter from Evan H.

16  Ackiron to Steven P. Ragland, dated February 2, 2005.

17          11.     Attached hereto as Exhibit 9 is a true and correct copy a letter from Khari Tillery

18  attaching Tennison's Third Set of Requests for Production of Documents and Inspection of

19  Tangible Things to Defendant City and County of San Francisco, served February 18, 2005.

20          12.     Attached hereto as Exhibit 10 is a true and correct copy of Defendant City and

21  County of San Francisco's Responses to Tennison's Third Set of Requests for Production of

22  Documents and Things, served March 15, 2005.

23          13.     Attached hereto as Exhibit 11 are true and correct copies of a letter from Steven P.

24  Ragland to Evan H. Ackiron, dated March 25, 2005, a letter from Steven P. Ragland to Scott D.

25  Wiener, dated March 30, 2005 and a letter from Steven P. Ragland to Evan H. Ackiron, dated

26  April 5, 2005.

27

28

350581.02

14.     Attached hereto as Exhibit 12 are true and correct copies of a letter from Scott D. Wiener to Steven Ragland, dated March 28, 2005, a letter from Scott D. Wiener to Steven Ragland, dated March 31, 2005, and a letter from Scott D. Wiener to Steven Ragland, dated April 6, 2005.

15.     I have reviewed audiotape transcripts from the SFDA and have been present at the questioning of Pauline Maluina where I learned that Pauline Maulina recanted her eyewitness testimony before trial, and was bullied by the prosecution for three days into withdrawing that recantation and testifying against Tennison.  Since then, Ms. Maluina has recanted that testimony in a declaration, dated June 17, 2003, in an interview with the District Attorney's investigator Ron Leon on July 7, 2003,  in an interview with the District Attorney Terence Hallinan and investigator Anthony Saab on August 13, 2003 and in deposition on April 7-8, 2005, and established that she was not a witness to the Shannon homicide, and was bullied by Hendrix and Butterworth (in Sanders' presence) into testifying falsely against Tennison at trial.

16.     Attached hereto as Exhibit 13 is the Declaration of Richard W. Sanders in Support of Tennison's Motion to Compel Inspection and Testing of Certain Audiotapes, dated April 8, 2005.

17.     Attached hereto as Exhibit 14 is a true and correct copy of Tennison's Second Set of Requests for Production of Documents and Things to Defendant City and County of San Francisco, served February 1, 2005.

18.     Attached hereto as Exhibit 15 is a true and correct copy of the Notice of Deposition of City and County of San Francisco Under Federal Rule of Civil Procedure 30(b)(6), served  February 1, 2005.

19.     Attached hereto as Exhibit 16 is a true and correct copy of Defendant City and County of San Francisco's Responses to Plaintiff John Tennison's Second Set of Requests for Production of Documents and Things, served March 3, 2005.

20.     As of this date, the City has still not produced any documents responsive to Tennison's Second Set of Requests for Production of Documents and Things.

DECLARATION OF ETHAN A. BALOGH IN SUPPORT OF MOTION TO COMPEL THE CITY TO PRODUCE AUDIOTAPES FOR NON-DESTRUCTIVE FORENSIC TESTING, AND MOTION TO COMPEL CITY TO PRODUCE DOCUMENTS AND PROFFER WITNESS(ES) FOR DEPOSITION
CASE NO. C 04-00574 CW

350581.02

1   21.   Attached hereto as Exhibit 17 is a true and correct copy of a letter from Daniel
2   Purcell to Scott Wiener and Sherri Sokeland Kaiser, dated March 9, 2005.

3   22.   Attached hereto as Exhibit 18 is a true and correct copy of a letter from Daniel
4   Purcell to Scott Wiener and Sherri Sokeland Kaiser, dated March 16, 2005.

5   23.   Attached hereto as Exhibit 19 is a true and correct copy of a letter from Scott
6   Wiener to Daniel Purcell, dated March 16, 2005.

7   24.   Attached hereto as Exhibit 20 is a true and correct copy of a letter from Daniel
8   Purcell to Evan H. Ackiron and Scott D. Wiener, dated February 9, 2005.

9   25.   Attached hereto as Exhibit 21 is a true and correct copy of a letter from Sherri
10   Soekland Kaiser to Daniel Purcell, dated March 24, 2005.

11   26.   As of this date, the City has still not provided Tennison with dates for the
12   deposition of the City's 30(b)(6) witness.

13   27.   On April 5, 2005 Sherri Kaiser wrote to Tennison's counsel regarding the City's
14   continued noncompliance with the PMK deposition notice and stated,

15   "While I have spoken with a number of people at the San Francisco Police
16   Department and have made substantial progress, my task is complicated by the
     fact that many of your requests do not specify the relevant time period. For
     example, you request all policies and training materials related to a series of
17   topics, apparently in an attempt to create an evidentiary basis for your *Monell*
18   claims. Without restricting the time period of your request, you appear to be
     asking for a deponent who can speak to any and all policies or trainings related to
19   each topic, both currently and at any historical time period since the inception of
     the SFPD.

20   Of course, I know that you do not intend this sort of absurd result. To alleviate
21   the temporal ambiguities, could you please review your requests and, where the
     time period for a particular request is unspecified, please specify one?"

22   28.   Attached hereto as Exhibit 22 is a true and correct copy of a letter from Daniel
23   Purcell to Sherri Sokeland Kaiser, dated April 6, 2005.

24   29.   Attached hereto as Exhibit 23 is a true and correct copy of this Court's Order re:
25   Plaintiff's Request for Production of Documents.

26   30.   Attached hereto as Exhibit 24 is a true and correct copy of a letter from Sherri
27   Kaiser to Dan Purcell, dated April 13, 2005.

28

1       31.    Attached hereto as Exhibit 25 is a true and correct copy of an email string

2 between Sherri Kaiser and me, dated April 13, 2005.

3       I declare under penalty of perjury under the laws of the State of California and the laws

4 of the United States that the foregoing is true and correct, and that this declaration was executed

5 this 13th day of April, 2005 at San Francisco, California.

6

7

8                       /s/ Ethan A. Balogh

                           ETHAN A. BALOGH

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ETHAN A. BALOGH IN SUPPORT OF MOTION TO COMPEL THE CITY TO
PRODUCE AUDIOTAPES FOR NON-DESTRUCTIVE FORENSIC TESTING, AND MOTION TO COMPEL
CITY TO PRODUCE DOCUMENTS AND PROFFER WITNESS(ES) FOR DEPOSITION
CASE NO. C 04-00574 CW

350581.02