# EXHIBIT 15

```
 1  KEKER & VAN NEST, LLP
    ELLIOT R. PETERS - #158708
 2  ETHAN A. BALOGH - #172224
    DANIEL PURCELL - #191424
 3  STEVEN P. RAGLAND - #221076
    710 Sansome Street
 4  San Francisco, CA 94111-1704
    Telephone: (415) 391-5400
 5  Facsimile: (415) 397-7188

 6  Attorneys for Plaintiff
    JOHN TENNISON
 7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TENNISON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF<br>SAN FRANCISCO; SAN FRANCISCO<br>POLICE DEPARTMENT; PRENTICE EARL<br>SANDERS; NAPOLEON HENDRIX; and<br>GEORGE BUTTERWORTH,<br><br>　　　　　　　Defendants. | Case No. C 04-00574 CW<br><br>**NOTICE OF DEPOSITION OF CITY AND COUNTY OF SAN FRANCISCO UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**<br><br>Date:　　March 17, 2005<br>Time:　　9:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:**

Please take notice that plaintiff John Tennison will take the deposition of defendant City and County of San Francisco ("the City") pursuant to Federal Rule of Civil Procedure 30(b)(6), beginning on March 17, 2005 at 9:00 a.m. and continuing from day to day thereafter until completed, at the offices of Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

Please also take notice pursuant to Federal Rule of Civil Procedure 30(b)(2) that the deposition will be taken before a notary public or other officer authorized by law to administer oaths, and may be recorded both stenographically and by sound-and-visual means (i.e., by videotape), and provision may be made for real-time monitoring using LiveNote™ or similar means.

Please take further notice the deponent is not a natural person. The City shall designate for deposition, pursuant to Federal Rule of Civil Procedure 30(b)(6), one or more officers, managing agents, employees or other persons who consent to testify on its behalf. The matters on which examination is requested are set forth below.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to this notice of deposition:

1. "THE CITY," "YOU," or "YOUR" mean and refer to defendant City and County of San Francisco, and to any and all of its political subdivisions, agencies, programs, employees, agents, elected officials, representatives, consultants, accountants, and attorneys, including any person who has served in any such capacity at any time, and all persons acting or purporting to act on its behalf for any purpose.

2. "SFPD" means and refers to the Police Department of the City and County of San Francisco, and to any and all of its subdivisions, agencies, programs, task forces, employees, agents, representatives, consultants, accountants, and attorneys, including any person who has served in any such capacity at any time, and all persons acting or purporting to act on its behalf for any purpose.

///

1  3.  "DA'S OFFICE" means and refers to the Office of the District Attorney of the City and County of San Francisco, and to any and all of its subdivisions, agencies, programs, task forces, employees, agents, representatives, consultants, accountants, and attorneys, including any person who has served in any such capacity at any time, and all persons acting or purporting to act on its behalf for any purpose.

6  4.  "BUTTERWORTH" means and refers to defendant George Butterworth.

7  5.  "HENDRIX" means and refers to defendant Napoleon Hendrix.

8  6.  "SANDERS" means and refers to defendant Prentice Earl Sanders.

9  7.  "TENNISON" means and refers to plaintiff John Tennison.

10  8.  "SECRET WITNESS PROGRAM" means and refers to the program described by defendants HENDRIX and SANDERS in their October 4, 1989 memorandum to Lieutenant Gerald J. McCarthy of the SFPD, which memorandum was marked as Exhibit 38 to the deposition of HENDRIX in TENNISON's habeas case, <u>Tennison v. Henry</u>, Case No. C-98-3842 CW (N.D. Cal.) and is attached hereto as Exhibit A.

15  9.  "CONTINGENT FUND B" means and refers to the program described in the September 2, 2003 letter from California Assistant Attorney General Glenn Pruden, counsel for the State of California in <u>Tennison v. Henry</u>, to Ethan A. Balogh, counsel for Tennison, which letter and its attachments are attached hereto as Exhibit B.

19  10.  "EXCULPATORY EVIDENCE" means and refers to the category of evidence police and prosecutors are required to provide to criminal defendants under the United States Supreme Court's decision in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

22  11.  "RECORDING" means any recording of the event described, whether by video, audiotape, stenographic or other means.

24  12.  "RELATING" and "RELATED" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting on, evidencing, describing or otherwise relating to the subject matter.

28  13.  "ALL," "ANY," "EACH," or "EVERY" mean "all, each and every."

14. "INCLUDING" means "including, but not limited to."

15. The use of the singular shall be deemed to include the plural and the use of the plural shall be deemed to include the singular.

## DEPOSITION TOPICS

Tennison requests, pursuant to Federal Rule of Civil Procedure 30(b)(6), that the City produce for deposition the person or persons most knowledgeable about the following topics:

1. YOUR training and supervision of, and delegation of authority to, BUTTERWORTH regarding his constitutional obligations to defendants in criminal prosecutions.

2. YOUR training and supervision of, and delegation of authority to, HENDRIX regarding his constitutional obligations to defendants in criminal prosecutions.

3. YOUR training and supervision of, and delegation of authority to, SANDERS regarding his constitutional obligations to defendants in criminal prosecutions.

4. The positions of HENDRIX and SANDERS within the organizational structure of the SFPD between 1984 and 1996.

5. The duties and responsibilities of SFPD homicide detectives and inspectors between 1984 and 1996.

6. The duties and responsibilities of members of the SFPD Gang Task Force between 1984 and 1996.

7. The working relationship between SFPD homicide detectives and inspectors and members of the SFPD Gang Task Force between 1984 and 1996.

8. BUTTERWORTH's employment history with the CITY, INCLUDING his personnel files, ANY internal-affairs investigations regarding his employment conduct, and ANY citizen complaints of misconduct in the performance of his job duties.

9. HENDRIX's employment history with the CITY, INCLUDING his personnel files, ANY internal-affairs investigations regarding his employment conduct, and ANY citizen complaints of misconduct in the performance of his job duties.

///

10. SANDERS's employment history with the CITY, INCLUDING his personnel files, ANY internal-affairs investigations regarding his employment conduct, and ANY citizen complaints of misconduct in the performance of his job duties.

11. ANY of YOUR policies and practices, including YOUR training and supervision of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S OFFICE, RELATED to questioning of ANY person suspected of involvement in ANY crime, INCLUDING techniques used in such questioning.

12. ANY of YOUR policies and practices, including YOUR training and supervision of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S OFFICE, RELATED to recantations or retractions of previously-made statements by ANY person suspected of involvement in ANY crime.

13. ANY of YOUR policies and practices, including YOUR training and supervision of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S OFFICE, RELATED to confessions to crimes by ANY person, INCLUDING confessions by persons other than individuals previously investigated for, arrested for, charged with, or convicted of the same crime or crimes.

14. ANY of YOUR policies and practices, including YOUR training and supervision of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S OFFICE, RELATED to making reports, RECORDINGS, or other memorializations of statements by ANY person suspected of involvement in ANY crime, including techniques used in memorializing such statements.

15. ANY of YOUR policies and practices, including YOUR training and supervision of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S OFFICE, RELATED to interviews of actual, potential, suspected, or professed witnesses to ANY crime, INCLUDING techniques used in such questioning.

16. ANY of YOUR policies and practices, including YOUR training and supervision of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S OFFICE, RELATED to recantations or retractions of previously-made statements by ANY

1  actual, potential, suspected, or professed witnesses to ANY crime.

2      17.    ANY of YOUR policies and practices, including YOUR training and supervision of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S OFFICE, RELATED to making reports, RECORDINGS, or other memorializations of statements by ANY actual, potential, suspected, or professed witness to ANY crime, including techniques used in memorializing such statements.

    18.    ANY of YOUR policies and practices, including YOUR training and supervision of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S OFFICE, RELATED to providing reward money to actual, potential, suspected, or professed witnesses to ANY crime, INCLUDING standards governing providing reward money to such witnesses, oversight over providing reward money to such witness, or training materials related to providing reward money to such witnesses.

    19.    ANY offer or actual payment of money to ANY actual, potential, suspected, or professed witness to ANY crime by HENDRIX.

    20.    ANY DOCUMENTS reflecting any offer or actual payment of money to ANY actual, potential, suspected, or professed witness to ANY crime by HENDRIX.

    21.    ANY offer or actual payment of money to ANY actual, potential, suspected, or professed witness to ANY crime by SANDERS.

    22.    ANY DOCUMENTS reflecting any offer or actual payment of money to ANY actual, potential, suspected, or professed witness to ANY crime by SANDERS.

    23.    The SECRET WITNESS PROGRAM, referred to in the memorandum attached as Exhibit A to this Notice of Deposition, INCLUDING ANY standards governing that program, oversight over that program, OR training materials related to that program.

    24.    ANY offer or actual disbursement of money from the SECRET WITNESS PROGRAM, at ANY time and for ANY purpose, by HENDRIX.

    25.    ANY DOCUMENTS reflecting any disbursement from the SECRET WITNESS PROGRAM requested by HENDRIX or in ANY investigation involving HENDRIX.

///

26. ANY offer or actual disbursement of money from the SECRET WITNESS PROGRAM, at ANY time and for ANY purpose, by SANDERS.

27. ANY DOCUMENTS reflecting any disbursement from the SECRET WITNESS PROGRAM requested by SANDERS or in ANY investigation involving SANDERS.

28. CONTINGENT FUND B, referred to in the letter attached as Exhibit B to this Notice of Deposition, INCLUDING ANY standards governing that program, oversight over that program, OR training materials related to that program.

29. ANY attempted or actual disbursement of money from CONTINGENT FUND B, at ANY time and for ANY purpose, by HENDRIX.

30. ANY DOCUMENTS reflecting any disbursement from the CONTINGENT FUND B involving HENDRIX.

31. ANY attempted or actual disbursement of money from CONTINGENT FUND B, at ANY time and for ANY purpose, by SANDERS.

32. ALL DOCUMENTS reflecting any disbursement from the CONTINGENT FUND B involving SANDERS.

33. Check number 4729 drawn on CONTINGENT FUND B on October 11, 1989 and made payable to SANDERS.

34. ALL DOCUMENTS RELATED to check number 4729 drawn on CONTINGENT FUND B on October 11, 1989 and made payable to SANDERS.

35. Check number 4897 drawn on CONTINGENT FUND B on December 1, 1989 and made payable to HENDRIX.

36. ALL DOCUMENTS RELATED to check number 4897 drawn on CONTINGENT FUND B on December 1, 1989 and made payable to HENDRIX.

37. ANY of YOUR policies and practices, including YOUR training and supervision of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S OFFICE, RELATED to a police officer's or prosecutor's constitutional obligations in criminal prosecutions regarding witnesses, INCLUDING interviewing witnesses, preparing witnesses to testify in criminal proceedings, manufacturing evidence by witnesses, suppressing witnesses and

1  their statements from evidence, or providing reward money to witnesses.

2  38.  ANY of YOUR policies and practices, including YOUR training and supervision
3  of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S
4  OFFICE, RELATED to polygraph examinations, INCLUDING the administration, execution,
5  evaluation, analysis, documentation, and use of such examinations, and the creation and
6  maintenance of records of such examinations.

7  39.  The polygraph examination administered to Pauline Maluina by SFPD Inspector
8  Henry Hunter on April 24, 1990.

9  40.  The creation, maintenance, storage, handling, and distribution to the DA'S
10 OFFICE of ANY RECORDING of the SFPD's April 24, 1990 polygraph examination of Pauline
11 Maluina by SFPD Inspector Henry Hunter, INCLUDING the responsibility of the SFPD to
12 deliver that RECORDING to the DA'S OFFICE.

13 41.  ANY of YOUR policies and practices, including YOUR training and supervision
14 of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S
15 OFFICE, RELATED to the handling of EXCULPATORY EVIDENCE in criminal prosecutions,
16 INCLUDING the pursuit, discovery, collection, handling, maintenance, and dissemination of
17 such evidence.

18 42.  ANY of YOUR policies and practices, including YOUR training and supervision
19 of, and delegation of authority to, ANY of YOUR employees assigned to the SFPD or the DA'S
20 OFFICE, RELATED to a police officer's or prosecutor's constitutional obligation in criminal
21 prosecutions to disclose ALL EXCULPATORY EVIDENCE to counsel for the defendant.

22 43.  The creation, maintenance, storage, handling, and distribution to the DA'S
23 OFFICE of ANY RECORDING of the SFPD's November 7, 1990 interview with Lovinsky
24 Ricard, INCLUDING the responsibility of the SFPD to deliver that RECORDING to the DA'S
25 OFFICE.

26 44.  The creation, maintenance, storage, handling, and distribution to the DA'S
27 OFFICE of ANY RECORDING of the SFPD's January 3, 1990 interview with Chante Smith,
28 INCLUDING the responsibility of the SFPD to deliver that RECORDING to the DA'S OFFICE.

45. The creation, maintenance, storage, handling, and distribution to the DA'S OFFICE of ANY RECORDING of the SFPD's February 9, 1990 interview with Luther Blue, INCLUDING the responsibility of the SFPD to deliver that RECORDING to the DA'S OFFICE.

46. YOUR efforts to comply with Magistrate Judge Joseph Spero's September 21, 2001 order requiring discovery to be furnished to TENNISON in TENNISON's habeas corpus proceeding and the resulting document subpoenas issued to the SFPD and the DA'S OFFICE on October 1, 2001 by TENNISON, INCLUDING YOUR search for material ordered to be produced, YOUR preparation of that material for production, YOUR production of that material to TENNISON, and ANY material reviewed for potential production but not ultimately produced.

47. ALL documents within YOUR possession, custody, or control within the scope of Magistrate Judge Joseph Spero's September 21, 2001 order in TENNISON's habeas corpus proceeding and the resulting document subpoenas issued to the SFPD and the DA'S OFFICE on October 1, 2001 by TENNISON.

48. YOUR efforts to respond to TENNISON's document requests in this case, INCLUDING YOUR search for documents requested by TENNISON, YOUR preparation of that material for production, YOUR production of those documents to TENNISON, and ANY material reviewed for potential production but not ultimately produced

49. ALL documents within YOUR possession, custody, or control responsive to TENNISON's document requests in this case.

Dated: February 1, 2005

KEKER & VAN NEST, LLP

By: _____
DANIEL PURCELL
Attorneys for Plaintiff
JOHN TENNISON

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On February 1, 2005, I served the following document(s):

**NOTICE OF DEPOSITION OF CITY AND COUNTY OF SAN FRANCISCO UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

X    by **COURIER**, by placing a true and correct copy in a sealed envelope addressed as shown below, and dispatching a messenger from Worldwide Attorney Services, Inc., whose address is 75 Lily Street, 3rd Floor, San Francisco, CA 94102, with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving the package with the person whose name is shown or the person authorized to accept courier deliveries on behalf of the addressee.

| | |
|---|---|
| James A. Quadra, Esq.<br>Lisa-Anne M. Wong, Esq.<br>Moscone, Emblidge & Quadra, LLP<br>180 Montgomery Street, Suite 1240<br>San Francisco, CA 94104<br>Tel:    (415) 362-3599<br>Fax:   (415) 362-7332<br><br>Attorneys for Defendants<br>Prentice Earl Sanders and Napoleon Hendrix | Evan H. Ackiron<br>Scott D. Wiener<br>Deputy City Attorney<br>Office of the City Attorney<br>1390 Market Street, 6th Floor<br>San Francisco, CA 94102-5408<br>Tel:    (415) 554-3856<br>Fax:   (415) 554-3837<br><br>Attorneys for Defendants<br>George Butterworth and<br>The City and County of San Francisco |
| Randolph Daar, Esq.<br>Pier 5 Law Offices<br>506 Broadway<br>San Francisco, CA 94133<br>Tel:    (415) 986-5591<br>Fax:   (415) 421-1331<br><br>Attorneys for Defendant<br>Antoine Goff | John Houston Scott, Esq.<br>The Scott Law Firm<br>153 Townsend Street, Suite 950<br>San Francisco, CA 94107<br>Tel:    (415) 442-5100<br>Fax:   (415) 442-5108 |

Executed on February 1, 2005, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Joanne Winars/*
JOANNE WINARS

328041.01

PROOF OF SERVICE
CASE NO. C 04-00574 CW

# EXHIBIT A

# Memorandum

**San Francisco Police Department**

To: Lieutenant Gerald J. McCarthy
OIC – Homicide Section

From: Inspector Prentice E. Sanders, #901
Inspector Napoleon L. Hendrix, #1101

Date: October 4, 1989

Subj: SECRET WITNESS PROGRAM
Victim: Roderick E. Shannon
Case No. 891-092-371

APPROVED YES NO

At approximately 0205 hours on August 19, 1989, Roderick E. Shannon was severely beaten by a group of young Negro males, believed to be "gang" types. As the victim lay on the ground, begging for his life, he was shot execution style.

Based on information obtained through investigation, this appears to be a "gang related murder", growing out of the continuing rivalry between Hunters Point and Sunnydale youths.

The victim in this case was <u>mistakenly</u> identified as a member of the Sunnydale group.

In order to encourage witnesses to come forward, we request a reward of $2,500.00 from the Secret Witness Program. We feel this reward will generate information that will lead to the arrest and conviction of the perpetrator(s) of this homicide.


Δ π EXHIBIT
Deponent_____
Date_____Rptr._____
WWW.DEPOBOOK.COM

SFPD 00026

SFPD-68(7/84)

# Memorandum

**San Francisco Police Department**

| | | APPROVED | YES | NO |
|---|---|---|---|---|
| To: | Lieutenant Gerald J. McCarthy<br>OIC - Homicide Section | | | ☐ |
| From: | Inspector Prentice E. Sanders, #901<br>Inspector Napoleon L. Hendrix, #1101 | | ☐ | ☐ |
| Date: | October 4, 1989 | | ☐ | ☐ |
| Subj: | SECRET WITNESS PROGRAM<br>Victim: Roderick E. Shannon<br>Case No. 891-092-371 | | | |

At approximately 0205 hours on August 19, 1989, Roderick E. Shannon was severely beaten by a group of young Negro males, believed to be "gang" types. As the victim lay on the ground, begging for his life, he was shot execution style.

Based on information obtained through investigation, this appears to be a "gang related murder", growing out of the continuing rivalry between Hunters Point and Sunnydale youths.

The victim in this case was <u>mistakenly</u> identified as a member of the Sunnydale group.

In order to encourage witnesses to come forward, we request a reward of $2,500.00 from the Secret Witness Program. We feel this reward will generate information that will lead to the arrest and conviction of the perpetrator(s) of this homicide.

SFPD 00028

## ROUTING AND TRANSMITTAL SLIP

1 TO (NAME) H. McCarthy
(UNIT) Homicide Section

2 TO (NAME) Hendrix & Sanders
(UNIT) For your file

3 TO
4 TO

Jerry
Per Mary Petrie, this request has been taken care of and the reward is in place.

FROM: Jerry Messier
UNIT: Community Services

SFPD 39 (7/72)

**SAN FRANCISCO POLICE DEPARTMENT**

---

Memorandum

APPROVED  YES  NO

...ck E. Shannon was
...red to be "gang"
...s life, he was

...s appears to be
...ivalry between

...mber of the

...t a reward of
...eward will
...iction of the

# EXHIBIT B

**BILL LOCKYER**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE** 

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5959
Facsimile: (415) 703-1162
E-Mail: Glenn.Pruden@doj.ca.gov

September 2, 2003

**RECEIVED**
SEP 0 3 2003
KEKER & VAN NEST

Ethan A. Balogh, Esq.
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, California 94111-1704

RE:   *Tennison v. Henry*, N.D. Cal. C 98-3842 CW

Dear Mr. Balogh:

Enclosed, please find copies of two ledger pages pertaining to San Francisco Police Department Contingent Fund B, Monthly Expenditures for 31 October 1989 and 31 December 1989, respectively. This information was provided to me by the San Francisco Police Department on 29 August 2003. Please note the entry at line 26 on the 31 October 1989 page, and the entry at line 3 on the 31 December 1989 page. I have been informed that the number "2" found immediately to the right of the amount indicates that the amount is non-reimbursable. I have also been informed that the entry in column four shows an internal accounting code for the comptroller.

Sincerely,

*Glenn R. Pruden*

GLENN R. PRUDEN
Deputy Attorney General

For   BILL LOCKYER
      Attorney General

encls 2

TEN002659

San Francisco Police Department
Contingent Fund B - Monthly Expenditure
October 31, 1989

| # | Date | Payee | Unit | Check No. | Amount | Sub-Object | Purpose |
|---|------|-------|------|-----------|--------|------------|---------|
| 1 | 10/1/89 | James Hall | Tactical | 4704 | 295/60 | 1206 C | Post Advance |
| 2 | 10/1/89 | M. Kemnitt | Vice | 4705 | 450 - 3 | 1206 E | Advance for Oct 1989 |
| 3 | 10/1/89 | Joyce Farnen | CoP | 4706 | 1931 - 2 | 1298 | Office Supplies |
| 4 | 10/5/89 | Helen Wingate | Homicide | 4707 | 200 - 2 | 1206 D | Witness expenses |
| 5 | 10/5/89 | DPH-MDWF | Personnel | 4708 | 130 - 2 | 1298 | Misc expenses |
| 6 | 10/5/89 | James Crowley | Fencing | 4709 | 390 - 1 | 1206 C | Post Advance |
| 7 | 10/5/89 | Victor Ehrenberg | Fugitive | 4710 | 804 71 | 1206 A | Pickup expenses |
| 8 | 10/5/89 | Michael Gerald | NCID | 4711 | 556 - 1 | 1206 E | Investigation |
| 9 | 10/4/89 | Cerenick Morgan | Tactical | 4712 | 478 - 1 | 1206 C | Post Advance |
| 10 | 10/4/89 | Michael Francis | Tactical | 4713 | 478 - 1 | 1206 C | Post Advance |
| 11 | 10/4/89 | Harvey Rockwell | Fencing | 4714 | 390 - 1 | 1206 C | Post Advance |
| 12 | 10/4/89 | Steve Balma | SOB TF | 4715 | 502 - 1 | 1206 C | Post Advance |
| 13 | 10/4/89 | Mark Sundin | SOB TF | 4716 | 502 - 1 | 1206 C | Post Advance |
| 14 | | VOID | | 4717 | | | |
| 15 | 10/4/89 | Peter Thoroszky | Co. C | 4718 | 502 - 1 | 1206 C | Post Advance |
| 16 | 10/11/89 | Jeff Brosch | Homicide | 4719 | 128 - 2 | 1298 | Misc Expenses |
| 17 | 10/11/89 | Walter Scott | Crim Svcs | 4720 | 250 - 2 | 1298 | Travel Expenses |
| 18 | 10/11/89 | Olirelle Hogg | CoP | 4721 | 50 - 2 | 1298 | Expenses for Sept 1989 |
| 19 | 10/11/89 | Willie Frazier | Commission | 4722 | 50 - 2 | 1298 | Expenses for Sept 1989 |
| 20 | 10/11/89 | Major City Chiefs | CoP | 4723 | 25 - 2 | 1298 | Misc Expenses |
| 21 | | VOID | | 4724 | | | |
| 22 | | VOID | | 4725 | | | |
| 23 | | VOID | | 4726 | | | |
| 24 | 10/11/89 | CCSF | Fiscal | 4727 | 20894 - 1 | 1299 | Cash Exchange |
| 25 | 10/11/89 | CCSF | Fiscal | 4728 | 108343 | 1299 | Cash Exchange |
| 26 | 10/11/89 | Prentice Sanders | Homicide | 4729 | 125 - 2 | 1298 | Witness expenses |
| 27 | 10/12/89 | CPOA | Legal | 4730 | 120 - 2 | 1298 | Registration Fee |
| 28 | 10/13/89 | CCSF | Fiscal | 4731 | 205798 | 1299 | Cash Exchange |
| 29 | 10/13/89 | Kenneth Davis | Vice | 4732 | 509 - 1 | 1206 C | Post Advance |
| 30 | 10/13/89 | Robert Culligan | Potrero | 4733 | 702 - 1 | 1206 C | Post Advance |
| 31 | | VOID | | 4734 | | | |
| 32 | 10/16/89 | Ed Kenney | Homicide | 4735 | 2000 - 1 | 1206 B | Extradition of Ricardo |
| 33 | 10/17/89 | James Bergstrom | Homicide | 4736 | 2285/01 | 1206 C | Post Advance |
| 34 | | VOID | | 4737 | | | |
| 35 | | VOID | | 4738 | | | |
| 36 | 10/19/89 | Gary Jimenez | Co. B | 4739 | 702 - 1 | 1206 C | Post Advance |
| 37 | 10/19/89 | Richard Hoset | Intelligence | 4740 | 852 - 1 | 1206 C | Post Advance |
| 38 | 10/22/89 | SFPD/WRF | Investigations | 4741 | 9500 - 1 | 1299 | Cash Exchange |
| 39 | 10/23/89 | CCSF | Fiscal | 4742 | 3257 - 1 | 1299 | Cash Exchange |
| 40 | 10/23/89 | Ed Erdelatz | Homicide | 4743 | 225 - 1 | 1206 E | Investigation |
| 41 | 10/24/89 | Michael Niland | Tactical | 4744 | 832 - 1 | 1206 C | Post Advance |

EN002660

San Francisco Police Department
Contingent Fund B - Monthly Expenditures
December 31, 1959

| | Date | Payee | Unit | Check No. | Amount | Sub-Object | Purpose |
|---|---|---|---|---|---|---|---|
| 1 | 12/1/89 | C.C.S.F. | Fiscal | 4895 | 1804-1 | 1299 | Cash Exchange |
| 2 | 12/1/89 | M. Kemmitt | Vice | 4896 | 450-3 | 1201E | Adv fr Dec 1990 |
| 3 | 12/1/89 | N. Hendrix | Homicide | 4897 | 1604-2 | 1206D | Witness expense |
| 4 | 12/8/89 | Various | Consent | 4898 to | | | |
| 5 | | Payees | Decree | 4914 | 3400-1 | 1299 | Cash Exchange |
| 6 | | VOID | | 4915 | | | |
| 7 | 12/8/89 | Various | Consent | 4916 to | | | |
| 8 | | Payees | Decree | 4923 | 2200-1 | 1299 | Cash Exchange |
| 9 | | VOID | | 4924 | | | |
| 10 | | VOID | | 4925 | | | |
| 11 | | VOID | | 4926 | | | |
| 12 | | VOID | | 4927 | | | |
| 13 | | VOID | | 4928 | | | |
| 14 | | VOID | | 4929 | | | |
| 15 | | Various | Consent | 4930 to | | | |
| 16 | | Payees | Decree | 4941 | 2900-1 | 1299 | Cash Exchange |
| 17 | | VOID | | 4942 | | | |
| 18 | | VOID | | 4943 | | | |
| 19 | | Various | Consent | 4944 to | | | |
| 20 | | Payees | Decree | 4961 | 3600-1 | 1299 | Cash Exchange |
| 21 | | VOID | | 4962 | | | |
| 22 | | Chris Padilla | C.D. | 4963 | 200-1 | 1299 | Cash Exchange |
| 23 | | VOID | | 4964 | | | |
| 24 | | VOID | | 4965 | | | |
| 25 | | VOID | | 4966 | | | |
| 26 | | VOID | | 4967 | | | |
| 27 | | VOID | | 4968 | | | |
| 28 | | VOID | | 4969 | | | |
| 29 | | Various | Consent | 4970 to | | | |
| 30 | | Payees | Decree | 4985 | 3200-1 | 1299 | Cash Exchange |
| 31 | 12/4/89 | Pinelli's | Planning | 4986 | 6923-2 | 1298 | Funeral wreath |
| 32 | 12/5/89 | T. Parisi | Gen. Work | 4987 | 62-1 | 1298 | Misc. Expense |
| 33 | 12/5/89 | CCSF | Fiscal | 4988 | 140-1 | 1299 | Cash Exchange |
| 34 | 12/5/89 | Diandas | C.O.P. | 4989 | 8450-2 | 1298 | Misc. Expense |
| 35 | 12/5/89 | American Poultry | C.O.P. | 4990 | 425-2 | 1298 | Misc. Expenses |
| 36 | 12/1/89 | Various | Consent | 4991 to | | | |
| 37 | | Payees | Decree | 4993 | 400-1 | 1299 | Cash Exchange |
| 38 | | VOID | | 4994 | | | |
| 39 | | Various | Consent | 4995 to | | | |
| 40 | | Payees | Decree | 4996 | 400-1 | 1299 | Cash Exchange |
| 41 | 12/5/89 | Willie Frazier | Consent | 4997 | 50-1 | 1298 | Expenses for Nov 1989 |

FEN002661