UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN TENNISON,

    Plaintiff,

    v.

CITY & COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

    /

No. C-04-0574 CW (EMC)

**ORDER RE JOINT LETTER OF JULY 14, 2005
(Docket No. 316)**

    Plaintiff John Tennison and Defendants Earl Sanders and Napoleon Hendrix filed a joint letter on July 14, 2005, regarding a discovery dispute over the depositions of the latter individuals. It appears that Mr. Tennison initially deposed Officer Hendrix in January 2005 and Officer Sanders in March 2005. The parties have agreed that both officers may be redeposed so that Mr. Tennison may question them about certain documents produced by Defendant the City and County of San Francisco in June 2005. The parties disagree, however, whether Mr. Tennison should be given additional time (90 minutes total) to ask the officers about additional documents produced by the City in June 2005. Although it is not entirely clear from the joint letter, it appears that the additional documents consist of, *e.g.*, documents showing that the officers requested reward money in other cases and documents indicating that the inspectors supplied financial benefits to witnesses. *See* Joint letter of 7/14/05, Exs. 2-3.

    Having considered the arguments made in the joint letter and the exhibits attached thereto, the Court hereby GRANTS Mr. Tennison's request to depose Officer Sanders and Officer Hendrix

regarding the additional documents for a total of 90 minutes. Even if the documents were produced by the City as part of "*Monell* discovery," the documents are relevant to Mr. Tennison's claims against the officers themselves. For example, the documents tend to support Mr. Tennison's claim that the officers did pay a witness to testify in his criminal case (*i.e.*, it was a practice for the officers to pay witnesses to testify). Also, the documents tend to impeach the prior testimony of Officer Hendrix. *See* Joint letter of 7/14/05, Ex. 1 (deposition of Officer Sanders, taken in 12/01 as part of federal habeas case). The benefit of allowing Mr. Tennison to depose the officers about these relevant documents (for only a total of 90 minutes) outweighs the burden on the officers as they are already being re-deposed about other documents. *See* Fed. R. Civ. P. 30(a)(2)(B) (providing that a party must obtain leave of court, "which shall be granted consistent with the principles stated in Rule 26(b)(2)" if "the person to be examined already has been deposed in the case"); Fed. R. Civ. P. 26(b)(2) (noting that whether discovery is permitted depends on, *inter alia*, whether the burden of the discovery outweighs its likely benefit).

The Court notes that this order does not permit Mr. Tennison to depose Officer Sanders and Officer Hendrix on all of the documents produced by the City as part of *Monell* discovery. *See* Joint letter of 7/14/05 (officers arguing that "Plaintiffs do not limit themselves to topics, but instead want to depose Hendrix and Sanders regarding all of the *Monell* discovery they obtained from the City") Rather, the only documents that are at issue are those described above -- *i.e.*, documents produced by the City in June 2005. *See* Joint letter of 7/14/05, Exs. 2-3.

This order disposes of Docket No. 316.

IT IS SO ORDERED

Dated: July 15, 2005

EDWARD M. CHEN
United States Magistrate Judge

2