UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN TENNISON,

    Plaintiff,

    v.

CITY & COUNTY OF SAN FRANCISCO, *et al.*,

    Defendants.
    _____/

No. C-04-0574 CW (EMC)

**ORDER RE RULE 11 SANCTION**

    Previously, the Court ordered Defendants Napoleon Hendrix and Prentice Earl Sanders to show cause why they did not violate Federal Rule of Civil Procedure 11(b) by signing, filing, submitting, and advocating a motion arguing for a waiver of the Fifth Amendment privilege. *See* Fed. R. Civ. P. 11(b)(2) (discussing certification by attorney that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law). Having considered Defendants' response and accompanying submissions, the Court hereby concludes that no Rule 11 sanctions are warranted.

    In *United National Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102 (9th Cir. 2001), the Ninth Circuit laid out the appropriate standard to apply when a court raises the issue of Rule 11 sanctions *sua sponte*. The Ninth Circuit began by noting:

> Rule 11 sanctions may be imposed only in response to claims that are not "warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law." This standard is

> applied with particular stringency where, as here, the sanctions are imposed on the court's own motion. In that circumstance -- unlike the situation in which an opposing party moves for Rule 11 sanctions -- there is no "safe harbor" in the Rule allowing lawyers to correct or withdraw their challenged filings. In light of this important distinction, sua sponte sanctions "will ordinarily be imposed only in situations that are akin to a contempt of court."

*Id.* at 1115-16; *see also* Fed. R. Civ. P. 11(b), 1993 advisory committee notes ("Since show cause orders will ordinarily be issued only in situations that are akin to a contempt of court, the rule does not provide a "safe harbor" to a litigant for withdrawing a claim, defense, etc., after a show cause order has been issued on the court's own initiative.").

The Court finds that, in the instant case, Defendants' actions do not rise to the level of contempt of court. There was some basis for Defendants' motion for civil contempt against Mr. Blue given Mr. Blue's blanket assertion of the Fifth Amendment privilege. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990) ("[I]f there is a colorable claim to a particular type of relief on a given set of facts and the signer relies on an unsupportable legal theory to bolster his claim when a supportable one exists as well, the signer cannot be sanctioned under Rule 11.").

However, the Court still concludes that Defendants' position regarding waiver was not well supported. Clearly, Mr. Blue's November 2000 declaration was not a part of the instant litigation. The fact that *Plaintiffs* cited the declaration as evidence in their complaint does not mean that *Mr. Blue* thereby waived his right against self-incrimination in the current proceeding. As for the alleged conversation that Mr. Blue had with an investigator in this litigation, there has been little to no evidentiary support for the conversation. Defendants, for example, never provided a declaration from the investigator recounting the purported conversation. Thus, at most, Defendants are left with the argument that there should be an exception to the general *Licavoli* rule when the prior proceeding is the subject of the current proceeding. *See* Resp. at 9 (arguing that "the earlier criminal case is the subject of this civil rights action"). While the Court has its doubts about whether this is a nonfrivolous argument for the modification of existing law -- and notes that Defendants never in their briefing even acknowledged what the existing law is -- as noted above, Defendants did not rely on this argument alone in support of their motion for civil contempt.

1  For the foregoing reasons, the Court shall not issue any Rule 11 sanctions. However, it takes
2  this opportunity to caution Defendants, as well as all other parties, that, while this litigation has been
3  contentious, that does not free them or their counsel from their obligations and duties, whether under
4  Rule 11, other Federal Rules of Civil Procedure, or, if applicable, ethical rules.

6  IT IS SO ORDERED.

8  Dated: August 24, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge