UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TENNISON,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY & COUNTY OF SAN FRANCISCO, *et al.*,<br><br>        Defendants.                 / | No. C-04-0574 CW (EMC)<br><br>**ORDER RE JOINT LETTER OF AUGUST 26, 2005**<br>**(Docket No. 361)** |

On August 26, 2005, the parties filed a joint letter with the Court raising two discovery disputes between Plaintiff John Tennison and Defendant the City and County of San Francisco ("City"). The first dispute concerns files of the District Attorney, more specifically, whether such files are within the control of the City or the State. The second dispute concern police chronological logs from other homicide investigations, more specifically, what protective order terms should govern such logs.

## I. DISCUSSION

A.   <u>District Attorney Files</u>

To support his § 1983 claim against the City, Mr. Tennison seeks to determine "whether the City had a custom or policy of offering or paying money to witnesses or potential witnesses from the Secret Witness Program but concealing those offers or payments from the District Attorney, thereby preventing the DA from complying with his duties to turn over impeachment evidence to defendants." Joint letter of 8/26/05, at 2. According to Mr. Tennison, the criminal files of the District Attorney may reflect whether the police ever informed prosecutors of the offers or payments.

The City does not dispute that the files of the District Attorney are relevant for the reason stated above. However, the City contends that it cannot turn over the District Attorney files -- or any portion of the files -- because the City does not have control of the files; rather, the files belong to the State: "[I]n her capacity as public prosecutor, the District Attorney is a State, rather than City actor." *See id.* at 4. Mr. Tennison argues otherwise, asserting that his request for the documents "implicates only the District Attorney's role as an administrative custodian of its own historical records, not its role as an investigator or prosecutor. . . . Even if such materials should be considered State property when the District Attorney is investigating and prosecuting, they must be City records when that function is concluded." *Id.* at 3. Here, "[a]ll the files [sought by Mr. Tennison] . . . relate to criminal prosecutions concluded over a decade ago." *Id.*

The question for the Court, therefore, is who has possession, custody, or control of the District Attorney files for purposes of Federal Rule of Civil Procedure 34: the City or the State. If the City has possession, custody, or control, then the City should produce the documents; if not, then Mr. Tennison will need to subpoena the documents from the State.[1]

In *Rivero v. Superior Court*, 54 Cal. App. 4th 1048 (1997), a state appellate court was presented with the very issue of whether the closed criminal files of the District Attorney should be considered State records or City records. Notably, the parties in *Rivero* made the same or similar arguments as the parties in the instant case in support of their respective positions. Unfortunately, the state court ultimately declined to rule on the matter. *See id.* at 1058 ("Whether to describe the district attorney as a state actor or a local actor and whether to characterize the district attorney's closed files as state records or local records begs the central question before us -- [*i.e.,*] [d]oes compelled disclosure of closed criminal investigation files obstruct the investigatory function of the district attorney's office, thus contravening [California Government Code] section 25303?"). The parties in this case acknowledge that no other court has addressed this issue.

The Court concludes that the closed criminal files of the District Attorney are within the possession, custody, or control of the State and not the City. In arriving at this conclusion, the Court

---

[1] At the hearing on this discovery dispute, the Court advised Mr. Tennison to immediately serve a subpoena on the District Attorney/State in the event that the Court might rule in favor of the City.

notes first that Mr. Tennison does not strenuously dispute that *active* criminal files of the District Attorney would belong to the State since the District Attorney would clearly be acting in an investigative or prosecutorial role and the files would not simply be "historical records." Joint letter of 8/26/05, at 3.  The question thus becomes whether a file is transformed from a State record to a City record once the criminal case is closed.  The Court finds that the files remain State records because, even though the files may be closed, the State continues to have prosecutorial interests in the files.  Such files may contain sensitive information obtained in the course of investigation and prosecution, including names of informants, prospective witnesses, and attorney work product.  If the files were converted to City records once closed, then the State (and the District Attorney) would no longer have control over the files in spite of these prosecutorial interests and the files would be subject to control by the City.  As pointed out by the state court in *Rivero*, the California legislature has not amended the California Public Records Act to make closed criminal files accessible to the public.[2]  *See Rivero*, 54 Cal. App. 4th at 1059.

Accordingly, the closed criminal files of the District Attorney are within the possession, control, or custody of the State, not the City, and if Mr. Tennison wishes to obtain those files -- or any portion thereof or any information contained therein -- then he must subpoena the files from the District Attorney as representative of the State.

B.   Police Chronological Logs

In June 2005, the City produced redacted police chronological logs from other homicide investigations.  *See* Joint letter of 8/26/05, at 5.  When Mr. Tennison challenged the redactions, the City stated that the redactions were made to ensure the safety of potential homicide witnesses.  In a subsequent meet and confer, the City agreed to produce unredacted versions under a protective order providing for attorney's eyes only.  The parties now dispute what the protective order should require.  *See id.*

---

[2] Of course, even though the State has a continuing prosecutorial interest in a file does not mean that the file is automatically immune from discovery.  The Court shall resolve the issue of whether the files sought by Mr. Tennison should be produced by the District Attorney (as representative of the State) with the District Attorney's motion to quash which should be filed on September 12, 2005.

The Court orders the parties to meet and confer and draft a joint proposed protective order that conforms with the guidelines provided by the Court at the hearing on September 7, 2005. As a general matter, counsel for Mr. Tennison shall be permitted to view the documents at issue, as well as support staff for counsel (*e.g.*, legal assistants, secretaries) and experts hired by counsel, contingent upon each person signing an agreement to comply with the protective order. Counsel for Mr. Tennison should "pre-disclose" to the City the names of all attorneys and staff members who will view the documents at issue but there shall be no such "pre-disclosure" requirement with respect to experts. In addition, there should be strict document control measures for the documents, and the documents should be returned to the City at the end of the litigation.

If there is a protective order term upon which the parties are unable to agree, then each party should submit its own proposed version of the term for the Court's consideration.

The joint proposed protective order shall be filed with the Court by September 16, 2005.

## II.   CONCLUSION

For the foregoing reasons, the Court shall not order the City to produce the District Attorney files sought by Mr. Tennison and the parties should submit a joint proposed protective order regarding the police chronological logs by September 16, 2005.

This order disposes of Docket No. 361.

IT IS SO ORDERED.

Dated: September 8, 2005

EDWARD M. CHEN
United States Magistrate Judge