UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TENNISON,<br><br>      Plaintiff,<br><br>    v.<br><br>CITY & COUNTY OF SAN FRANCISCO, *et al.*,<br><br>      Defendants.<br>_____/ | No. C-04-0574 CW (EMC)<br><br>**AMENDED ORDER DENYING DISTRICT ATTORNEY'S MOTION TO QUASH (Docket No. 372)** |

    Plaintiff John Tennison served a subpoena on the District Attorney, seeking – with respect to ten criminal cases prosecuted by the District Attorney – documents related to offers of payment or payments from the Secret Witness Program to any testifying witness or nontestifying informant or documents otherwise referencing the Secret Witness Program. The ten criminal cases appear to be from the 1980s and 1990s and are no longer active. The District Attorney now moves to quash that subpoena. Having considered the parties' briefs and accompanying submissions, the Court hereby DENIES the motion to quash.

    Mr. Tennison seeks production of the District Attorney files to support his § 1983 *Monell* claim against the City – *i.e.*, that the City had a custom or policy of offering or paying money to witnesses or potential witnesses from the Secret Witness Program but concealing those offers or payments from the District Attorney, thereby preventing the District Attorney from complying with his duties to turn over impeachment evidence to criminal defendants. According to Mr. Tennison, the files of the District Attorney may reflect whether the police ever informed prosecutors of the offers or payments.

1   The District Attorney raises various arguments as to why the subpoena should be quashed
2   but none are persuasive. Although the District Attorney briefed *Doubleday v. Ruh*, 149 F.R.D. 601
3   (E.D. Cal. 1993), the District Attorney conceded at the hearing that she was not relying on an
4   attorney work product privilege and that the only privilege she was asserting was the official
5   information privilege.
6   In *Kelly v. City of San Jose*, 114 F.R.D. 653 (1987), Judge Brazil of this District listed the
7   factors that are commonly considered in determining whether information is protected by the official
8   information privilege. Those factors include whether the police investigation has been completed or
9   is ongoing and the impact upon persons who have given information of having their identities
10  disclosed (*e.g.*, confidential informants). In the instant case, it does not appear that there are any
11  ongoing investigations with respect to the ten criminal cases at issue. The District Attorney does not
12  claim that there are ongoing investigations. The main concern of the District Attorney is the need to
13  protect the identities of confidential informants and the privacy rights of defendants.
14  However, most of the information sought by Mr. Tennison has to do with offers of payment
15  or payments made to witnesses who testified in the prosecution – *i.e.*, their identities were not secret.
16  To the extent Mr. Tennison also seeks information about nontestifying informants to whom
17  payments were made, those documents may be redacted to keep the names of such witnesses
18  confidential and shall be produced for attorneys eyes only until further order of this Court.
19  Moreover, since the documents only involve payments from the Secret Witness Program and do not
20  pertain to the defendant, they do not compromise defendant's privacy rights.
21  Pursuant to the representation made by counsel for the District Attorney at the hearing, the
22  documents from the files for which a case number has been found shall be produced by 5:00 p.m. on
23  Wednesday, September 21, 2005; the documents from the two case files for which case numbers
24  have just been ascertained shall be produced by 5:00 p.m. on Thursday, September 22, 2005. As to
25  any case for which there is no District Attorney file for a particular case or which, after diligent
26  search, is missing, the District Attorney shall provide a declaration so stating. If the District
27  Attorney determines that there are no responsive documents to the subpoena, the District Attorney
28  shall so state in a declaration.

2

**Counsel for the City and County of San Francisco (Evan Ackiron and his staff) shall assist the District Attorney in the review and production of files.**

**Counsel for the City and County of San Francisco shall fax a copy of this order to the District Attorney, if not already done so by Plaintiff's counsel.**

This order disposes of Docket No. 372.

IT IS SO ORDERED.

Dated: September 19, 2005

EDWARD M. CHEN
United States Magistrate Judge