1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  EVAN H. ACKIRON, State Bar #164628
   SCOTT D. WIENER, State Bar #189266
4  SHERRI SOKELAND KAISER, State Bar #197986
   Deputy City Attorneys
5  Fox Plaza
   1390 Market Street, 6th Floor
6  San Francisco, California 94102-5408
   Telephone:   (415) 554-3856
7  Facsimile:   (415) 554-3837

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO
9  AND GEORGE BUTTERWORTH

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12 | JOHN TENNISON,                        | Case No. C 04-0574 CW (EMC)
13 |         Plaintiff,                    | STIPULATION AND PROPOSED
   |                                       | PROTECTIVE ORDER REGARDING
14 |    vs.                                | DOCUMENTS (1) FROM OPEN AND
   |                                       | INACTIVE HOMICIDE FILES AND (2)
15 | CITY AND COUNTY OF SAN                | IDENTIFYING PROTECTED
   | FRANCISCO, SAN FRANCISCO POLICE       | WITNESSES
16 | DEPARTMENT, EARL SANDERS,
   | NAPOLEON HENDRIX AND GEORGE
17 | BUTTERWORTH,

18 |         Defendants.

*Stipulation & Proposed AEO Order*
*Tennison v. CCSF, et al.*; Case No. C04-0574

## RECITAL

Defendant City and County of San Francisco and Plaintiff Tennison have agreed that San Francisco will produce certain Chronological Reports to Tennison from open and inactive homicide files of the San Francisco Police Department, and certain documents containing names, locations, and other identifying information for witnesses who are or were in a witness protective program. San Francisco believes that disclosure of these documents may jeopardize homicide investigations and/or put individuals in danger. Accordingly, San Francisco and Tennison stipulate and agree that these reports will be produced subject to an "Attorneys' Eyes Only" protective order. Further, San Francisco will produce these reports to counsel for plaintiff Goff upon his counsel's execution of this stipulation. A signature block is provided for that purpose. However, counsel for Goff is not obligated to enter into this stipulation, and counsel for Tennison and San Francisco request that the Court enter this stipulation as an Order, regardless of counsel for Goff's agreement.

## STIPULATION

The parties stipulate to the following:

1. All Chronological Reports produced by San Francisco from Open and Inactive homicide files of the San Francisco Police Department, other than the reports produced from the Shannon homicide file that is the subject of this litigation, are subject to the following "For Attorneys' Eyes Only" Protective Order. All documents containing the names, locations, and other identifying information for witnesses in conjunction with a witness protection program are also subject to the following "For Attorneys' Eyes Only" Protective Order. These documents will be referred to as the "Protected Documents." All protected documents produced are to be used for the purposes of this litigation only. Prior to receiving Protected Documents, counsel for a plaintiff in this case must execute this stipulation. Upon execution, counsel is designated as "Receiving Counsel." Receiving Counsel may not disclose or use the Protected Documents in this litigation absent a stipulation or court order, secured in advance, except as provided in paragraphs 2, 3, and 4.

*Stipulation & Proposed AEO Order*
*Tennison v. CCSF, et al.; Case No. C04-0574*     1

2. Not withstanding the last sentence of paragraph 1, Receiving Counsel may disclose the Protected Documents to other attorneys and staff within their firm. Receiving Counsel may disclose Protected Documents to attorneys within their firm without notice or additional procedures. However, such attorneys are bound by this stipulation and order to the same extent as Receiving Counsel. Ten days prior to disclosing Protected Documents to staff within their firm, Receiving Counsel must provide the names and job titles of such individuals to San Francisco. If San Francisco objects to a disclosure made pursuant to this paragraph, San Francisco may bring its objection before the Court by letter. Receiving Counsel may not provide more than five names to San Francisco within any ten-day period. Receiving Counsel may substitute another attorney within their firm to be Receiving Counsel. Such substitution may be made on three Court days notice. If San Francisco objects to a substitution made pursuant to this paragraph, San Francisco may bring its objection before the Court by letter.

3. Not withstanding the last sentence of paragraph 1, Receiving Counsel may disclose Protected Documents to any expert they retain in this litigation.

4. Not withstanding the last sentence of paragraph 1, Receiving Counsel or any other attorney at Receiving Counsel's firm may file Protected Documents with the Court, but only under seal.

5. Any person other than Receiving Counsel who receives a Protected Document must sign an agreement stating (1) they will use Protected Documents only for this litigation, (2) they will not disclose Protected Documents to anyone, (3) they will return all copies of Protected Documents to Receiving Counsel promptly upon the conclusion of this litigation. Receiving Counsel shall keep the originals of these agreements for two years post-conclusion of this matter.

6. When producing documents subject to this Protective Order, San Francisco will label the documents "For Attorneys' Eyes Only." If San Francisco inadvertently fails to mark any Protected Documents as "For Attorneys' Eyes Only," San Francisco will substitute copies properly marked. Within 5 days of receipt of substitute copies, Receiving Counsel shall, at San Francisco's option, destroy the unmarked copies or make the unmarked copies available for San Francisco's retrieval at San Francisco's expense.

*Stipulation & Proposed AEO Order*
*Tennison v. CCSF, et al.;* Case No. C04-0574

2

7. At the conclusion of this matter, Receiving Counsel will promptly return to San Francisco all copies of the Protected Documents.

8. This Order, when entered by the Court, will be retroactive to the date of production.

Dated: 9/16/05

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy

By: _____
EVAN H. ACKIRON
Attorneys for Defendants
CCSF AND GEORGE BUTTERWORTH

Dated: 9-19-05

DANIEL PURCELL, ESQ.
KEKER & VAN NEST, LLP

By: _____
DANIEL PURCELL
Attorneys for Plaintiff JOHN TENNISON

Dated: _____

JOHN HOUSTON SCOTT, ESQ.
THE SCOTT LAW FIRM

By: _____
JOHN HOUSTON SCOTT
Attorneys for Plaintiff ANTOINE GOFF

**ORDER**

IT IS SO ORDERED.

Dated: September 21, 2005

THE HONORABLE
UNITED STATES M_____

Judge Edward M. Chen

Stipulation & Proposed AEO Order
Tennison v. CCSF, et al.; Case No. C04-0574