**United States District Court**

For the Northern District of California

1
2
3
4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8   JOHN TENNISON,                           No. C-04-0574 CW (EMC)

9           Plaintiff,

                                             **ORDER DENYING DEFENDANT'S**
10      v.                                   **MOTION FOR SANCTIONS**

11  CITY & COUNTY OF SAN FRANCISCO, *et*     **(Docket No. 515)**
    *al.*,
12
            Defendants.
13  _____/
14
15
16          On October 12, 2006, third party Caramad Conley filed a motion for permissive intervention

17  and to modify the protective order in this case.  Defendant the City and County of San Francisco

18  filed a statement of nonopposition to the motion but asked the Court to bar Keker & Van Nest from

19  representing Mr. Conley because it had violated the protective order in this case by using material

20  produced in this case to evaluate Mr. Conley's case.  The Court therefore deemed the City's

21  nonopposition as a motion for sanctions and thereafter set a briefing schedule.  The hearing on the

22  motion for sanctions took place on December 6, 2006.  Having considered the parties' briefs and

23  accompanying submissions, as well as the oral argument of counsel at the hearing, the Court hereby

24  **DENIES** the City's motion for sanctions.

25          The City's argument that Keker violated the protective order in this case is not without some

26  merit.  The protective order does specify that documents covered by the protective order are to be

27  used for the purposes of this litigation only, and there is no real dispute that Keker used the

28  confidential *Tennison* documents to evaluate Mr. Conley's case.  *See* Opp'n at 2.

**United States District Court**

For the Northern District of California

The Court does not agree with Keker's argument that, under *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122 (9th Cir. 2003), "a [collateral] litigant must review and analyze the documents he seeks to use." Opp'n at 1.  *Foltz* does not require such a specific showing in order to obtain relief from a protective order.  Under *Foltz*, the court which issued the protective order makes "only a rough estimate of relevance" in determining whether to grant relief therefrom, with "the ultimate discoverability of specific materials covered by the protective order [being] resolved by the collateral court[]."  *Foltz*, 331 F.3d at 1133.  "[R]elevance hinges 'on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings.'"  *Id.* at 1132.  If attorneys in collateral litigation believe that confidential information in matters covered by a protective order is relevant to their case, those attorneys should move for relief and demonstrate general relevance based on the degree of overlap in facts, parties, and issues between the two lawsuits.  Review of particular documents under seal is generally not necessary.

Keker argues that it cannot be held to have breached the protective order when there was no way for it to avoid a breach -- by happenstance it represents both Mr. Tennison and Mr. Conley.  The Court acknowledges that this fact complicates matters.  However, even though Keker represents both Mr. Tennison and Mr. Conley, there are different Keker attorneys working on each case.  *Foltz* requires that Mr. Conley's attorneys move this Court for relief from the protective order before obtaining information from the *Tennison* attorneys.

///
///
///
///
///
///
///
///
///
///

2

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nonetheless, even assuming that there was a breach of the protective order, the draconian sanction sought by the City -- *i.e.*, disqualification of Keker in the *Conley* case -- is not warranted. There is nothing to indicate that any breach of the protective order was done in bad faith.  More important, any purported breach has not prejudiced the City.  Accordingly, the Court denies the City's motion for sanctions.

This order disposes of Docket No. 515.


IT IS SO ORDERED.


Dated:  December 8, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge